**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4558**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER CASSADINE BATTLES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (CR-04-99)

_____

Submitted: July 25, 2006                     Decided: July 31, 2006

_____

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Troy N. Giatras, GIATRAS & WEBB, Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Steven Ian Loew, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Walter C. Battles pled guilty, pursuant to a written plea agreement, to one count of robbery in violation of 18 U.S.C. § 1951 (2000). Battles was sentenced following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The district court applied the holding of Booker and sentenced Battles to 97 months of imprisonment, followed by three years of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but addressing whether Battles' sentence was reasonable, given his limited role in the offense, his age at the time of the offense, and his cooperation by pleading guilty. Although informed of his right to file a supplemental pro se brief, Battles has not done so. Finding no error, we affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Battles' sentence was both within the guideline range of 97-121 months and within the statutory maximum of twenty years imprisonment. <u>See</u> 18 U.S.C. § 1951(a). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, including those enumerated by counsel, we find the sentence reasonable. Accordingly, we affirm.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>